```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

ARTHUR DAVID AHMED,              :

    Petitioner,                  :

vs.                              :     CIVIL ACTION 05-00740-CG-B

RALPH HOOKS, *et al.*,           :

    Respondent.                  :


### REPORT AND RECOMMENDATION

Arthur David Ahmed, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 8(b)(1).  The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.  Following a complete review of this action, the undersigned recommends that the petition should be dismissed as barred by the statute of limitations.

On November 1, 1972, Petitioner pled guilty to burglary, possession of marijuana, possession of methadone, possession of chloral hydrate, and possession of barbituates, and received concurrent sentences of three years imprisonment for each conviction. (Doc. 1).  Petitioner did not appeal his convictions.

1

On November 25, 2002, Petitioner filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama.  The petition was denied on April 18, 2003 (Doc. 7-2), and Petitioner appealed.  The Alabama Court of Criminal Appeals affirmed the circuit court's decision, finding that Petitioner's claims were non-jurisdictional and thus precluded by the statute of limitation and other procedural bars contained in Rule 32.2 of the Alabama Rules of Criminal Procedure. (Doc. 7-2).  The Supreme Court of Alabama denied the petition for writ of certiorari, and on August 15, 2003, the court of criminal appeals issued a certificate of judgment. (Doc. 7-3).

Petitioner filed a second Rule 32 petition in the Circuit Court of Mobile County, Alabama, on October 15, 2003, and a third Rule 32 petition on June 30, 2004.  The circuit court denied both petitions. Petitioner then appealed the circuit court's decision as to his third petition, and the court of appeals affirmed. (Doc. 7-5). Petitioner filed the instant petition for habeas corpus relief on December 27, 2005. (Doc. 1).  For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the April 24, 1996, enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the

expiration of the time for seeking such review".  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of-

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)

    For individuals convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Department of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003).  Calculated this way, AEDPA's one-year statute of limitations expired on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date. Id.  Because Petitioner's conviction became final

prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997.

Petitioner, however, filed his habeas petition on December 20, 2005, approximately eight years after expiration of the statutory deadline. Thus, unless Petitioner can demonstrate that he has triggered the tolling provisions of the AEDPA, Petitioner's habeas petition must be dismissed as untimely.

§ 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. *See* In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). A state court filing initiated after the federal habeas deadline, however, does not revive the deadline. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.)*Id*.

Petitioner filed his first application for post-conviction relief in 2002, his second application in 2003, and his third application in 2004. While the limitations period may have been tolled if Petitioner had filed any of his post-conviction relief applications prior to the April 23, 1997, expiration of the limitations period, all of Petitioner's Rule 32 petitions were filed after the time for filing a habeas petition had expired. A properly filed application for post-conviction relief can toll the statute

of limitations, but cannot reset or restart the statute of limitations once the limitations period has expired. Sibley, *supra*. Accordingly, Petitioner's applications for post-conviction relief did not toll the habeas limitations period, as they were filed after expiration of the limitations period.

Before recommending dismissal of Petitioner's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general

rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction."  Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In Petitioner's Traverse to the Respondents' Answer (Doc. 8), Petitioner admits that his habeas petition is untimely but contends that the petition should not be dismissed because it contains jurisdictional claims that can be raised at any time.  Petitioner's response merely reasserts arguments repeatedly rejected by the Alabama state courts.  It does not provide any explanation of the reason for the untimely filing of Petitioner's habeas petition, nor does it provide any support for the equitable tolling of the AEDPA limitations period.  Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred[1].

---

[1] Petitioner's Motion for Permission to File Default Judgment (Doc. 9) is DENIED as Respondent's Answer was timely filed (Doc. 7).

**III. Conclusion**

For the reasons set forth above, it is the opinion of the Magistrate Judge that Petitioner's petition for habeas corpus relief be **DENIED**.  It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **17th** day of **July 2006**.

<u>/S/ SONJA F. BIVINS</u>
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/S/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE