IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR DAVID AHMED, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 05-0740-CG-B |
| RALPH HOOKS, et al., | : | |
| Respondents. | : | |

**ORDER**

This matter is before the court on the Report and Recommendation of the Magistrate Judge, dated July 17, 2006 (Doc.10), and petitioner's objection thereto (Doc. 11).  After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the recommendation to which objection is made, the court agrees with the recommendation of the Magistrate Judge that the case should be dismissed as time barred.

The Magistrate Judge found that petitioner's petition was filed after the one year statute of limitation[1] and that petitioner has presented no extraordinary circumstances that would justify the out-of time adjudication of his petition.  Petitioner asserts that his petition should not be dismissed because he has alleged that the state court lacked jurisdiction, and jurisdictional claims can be raised at any time.   Petitioner provides no explanation or reason for the untimely filing of his habeas petition and offers no justification for equitable tolling of the AEDPA limitations

---

[1] Pursuant to 28 U.S.C. § 2244(d), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year statute of limitation is applicable to a petition for writ of habeas corpus by a person in custody on a judgment of a state court.  Where, as here, petitioner was convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Department of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2002).

period.  Petitioner's objection merely reasserts arguments repeatedly rejected by the Alabama state courts without offering any explanation as to why he did not timely raise these issues in a properly filed habeas petition.

## **CONCLUSION**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that petitioner's habeas corpus action be and is hereby **DISMISSED** as time barred pursuant to 28 U.S.C. § 2254(d).

**DONE and ORDERED** this 10th day of January, 2007.

  /s/  Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE